Filed 4/7/21  P. v. Matthews CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CAM MATTHEWS,<br><br>    Defendant and Appellant. | 2d Crim. No. B307920<br>(Super. Ct. No. 2017020111)<br>(Ventura County) |

Cam Matthews appeals from the post-judgment order denying his petition for resentencing.  We dismiss.

Matthews pled guilty to two counts of residential burglary (counts 1 and 2; Pen. Code,[1] §§ 459, 462, subd. (a)) and one count of evading an officer with willful and wanton disregard for the safety of persons or property (count 3; Veh. Code, § 2800.2, subd. (a)).  He admitted a person other than an accomplice was

---

[1] All subsequent undesignated statutory references are to the Penal Code.

present in the residence during the commission of count 1. (§ 667.5, subd. (c)(21).)  He also admitted three prior "strikes" (§§ 667, subds. (c)(2) & (e)(2), 1170.12, subds. (a)(2) & (c)(2)), three prior serious felony convictions (§ 667, subd. (a)(1)) and one prior prison term (§ 667.5, subd. (b)).  He signed a felony disposition statement in which he acknowledged that he could be sentenced to state prison for up to 65 years to life.  The court committed to impose a sentence of 23 years in prison, consisting of eight years for counts 1, 2, and 3 with one "strike," and 15 years for the three serious felony priors.  Matthews waived his right to appeal.  On August 30, 2018, the court honored its commitment and struck all but one prior "strike," struck the prior prison term, and sentenced Matthews to prison for 23 years.

In November 2019, Matthews filed a petition for writ of habeas corpus with this court.  He alleged his counsel advised him that the judge had no choice but to impose the serious felony priors, and that the Governor later signed Senate Bill No. 1393 (2017-2018 Reg. Sess.) ("S.B. 1393"), which gave the court the discretion to strike priors.  (Stats. 2018, ch. 1013, §§ 1, 2.)  We denied the petition without prejudice to Matthews seeking relief in the trial court.  (*In re Cam Matthews* (Nov. 13, 2019, B302058) [nonpub. order].)

In 2020, Matthews filed in the trial court a "Petition for Resentencing 1170(d)(1) under New Laws, Amended Laws PC-SB 1393/620/180/667/1385 Any Other Which Relief May Be Sought."  The trial court summarily denied the petition.

We appointed counsel to represent Matthews in this appeal.  After examining the record, counsel filed an opening brief that raises no arguable issues.  We advised Matthews that he had 30 days to personally submit any contentions or issues he

2

wished us to consider. Matthews filed a supplemental brief in which he requests that he receive the benefit of any changes in the law, that the priors and enhancements be stricken, and he be resentenced to the base term.

Because this appeal is from an order denying postconviction relief rather than defendant's first appeal of right from a criminal conviction, defendant is not entitled to review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.) We nevertheless evaluate the arguments Matthews presents in his supplemental brief. (*Cole*, at p. 1040.)

Matthews is not entitled to relief. S.B. 1393 amended sections 667 and 1385 to give the trial court the discretion to strike serious felony priors. The Governor signed the bill on September 30, 2018, effective January 1, 2019. The amendment is not retroactive to Matthews's petition for resentencing, which was filed after his case was final on appeal. (*People v. Alexander* (2020) 45 Cal.App.5th 341.) Because the trial court did not have jurisdiction to resentence Matthews, his appeal must be dismissed. (*Id*. at pp. 344-345.)

The other provisions cited by Matthews do not entitle him to relief. Section 1170, subdivision (d)(1), does not apply because his petition for resentencing was not filed within 120 days of sentencing, and he does not contend that the Board of Parole Hearings or the district attorney recommended resentencing. The references to "620" and "180" appear to refer to legislation inapplicable here: Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682), which relates to firearm enhancements, and Senate Bill No. 180 (2017-2018 Reg. Sess.)

3

(Stats. 2017, ch. 677), which relates to controlled substance enhancements.  Assembly Bill No. 1618 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 586), enacted section 1016.8 to prohibit provisions in plea bargains waiving the benefits of future legislation; the disposition here contained no such provision.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


YEGAN, Acting P. J.


PERREN, J.

David M. Hirsch, Judge

Superior Court County of Ventura

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.